# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street, S.W., Suite 800<br>Washington, DC 20024,<br><br>       Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue, N.W.<br>Washington, DC 20530-0001,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552. As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the

responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of Justice is an agency of the United States Government. Defendant has possession, custody, and control of records to which Plaintiff seeks access. Defendant is headquartered at 950 Pennsylvania Avenue, N.W., Washington, DC 20530-0001.

## STATEMENT OF FACTS

5. In October 2016, the Washington Post reported that the Federal Bureau of Investigation obtained a warrant to search the emails found on a computer used by former Congressman Anthony Weiner that may contain evidence relevant to the investigation into former Secretary of State Hillary Clinton's private email server.

6. In light of that report, on December 12, 2016, Plaintiff submitted a FOIA request to the FBI, a component of Defendant, seeking all emails seized pursuant to the search warrant.

7. By letter dated February 7, 2017, the FBI denied Plaintiff's FOIA request.

8. On April 5, 2017, Plaintiff administratively appealed the FBI's denial. Plaintiff submitted its appeal by certified mail.

9. To date, Defendant has not made a determination on Plaintiff's administrative appeal.

10. On September 29, 2017, Plaintiff submitted a second FOIA request to the FBI seeking:

    A. Any and all records regarding, concerning or relating to the search of a laptop owned or formerly owned by former Congressman Anthony Weiner.

    B. Any and all records retrieved from a laptop owned or formerly owned by former Congressman Anthony Weiner.

      C.      Any and all records of communications, including, but not limited to, emails, text messages and instant chats, sent to or from FBI officials relating to Hillary Clinton's knowledge or possible knowledge of illicit activities involving former Congressman Anthony Weiner.

11.      By letter dated October 16, 2017, the FBI acknowledged receiving Plaintiff's second FOIA request and assigned it FOIPA Request Number 1386628-000.

12.      With respect to Plaintiff's second FOIA request, as of the date of this Complaint, the FBI has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determinations.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

13.      Plaintiff realleges paragraphs 1 through 12 as if fully stated herein.

14.      Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with it.

15.      To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a determination on Plaintiff's administrative appeal with respect to its December 12, 2016 FOIA request within the time limits set by FOIA.

16.      To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's September 29, 2017 FOIA request within the time limits set by FOIA. Accordingly, Defendant's determination was due by November 14, 2017. At a minimum, Defendant was obligated to: (i) gather and review the requested records; (ii) determine and communicate to Plaintiff the scope of any responsive records Defendant intended to produce or withhold and the reasons for any withholdings; and (iii) inform Plaintiff

that it may appeal any adequately specific, adverse determination.  *See*, *e.g.*, *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).

17. Because Defendant failed to determine whether to comply with Plaintiff's FOIA requests, Plaintiff is deemed to have exhausted its administrative appeal remedies.  5 U.S.C. § 552(a)(6)(C)(i).

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA requests; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA requests and *Vaughn* indices of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  September 10, 2018

Respectfully submitted,

*/s/ Michael Bekesha*
Michael Bekesha (D.C. Bar No. 995749
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Phone: (202) 646-5172

*Counsel for Plaintiff*